RECEIVED

MAR 13 2013

AT 8:30_____M
WILLIAM T. WALSH CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON ELIJAH GROCHOW, et al., | |
| Plaintiffs, | No. 12-0332 (MAS) |
| v. | |
| GARY M. LANIGAN, et al., | MEMORANDUM OPINION |
| Defendants. | |

**SHIPP, District Judge**

Jason Elijah Grochow ("Plaintiff"), incarcerated at New Jersey State Prison ("NJSP") in Trenton, New Jersey, seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court notes that although Mr. Grochow names three other inmates as Plaintiffs in this suit, none of the other named inmates signed the Complaint. Inmate Moore submitted a Prison Account Statement (ECF No. 4); however, he did not submit an application to proceed *in forma pauperis*. As such, these additionally-named Plaintiffs will be dismissed from this action, without prejudice, in accordance with the attached Order.

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes

1

that Plaintiff's Complaint should be dismissed.

I.   **BACKGROUND**

In his Statement of Claims, Plaintiff states that on January 1, 2009, Defendant Carlos Nieves ("Nieves"), a Senior Correctional Officer at NJSP, along with two other officers, assaulted him while he was on suicide watch "in a suicidal cell." Plaintiff alleges he was struck by a baton numerous times and had his head rammed into an iron gate and was then was placed in a "restraint chair." (Compl. ¶ 6.)

Plaintiff then asserts:

> On December 15, 2008 there was a class act lawsuit filed by inmate Brian Keith Bragg which I was a named plaintiff of which I was then moved . . . to the north compound psych department and administration due to this lawsuit around the middle of June 2010 to the south compound 2EE special needs unit. On this particular unit is where the final judgement was received on February 1, 2011 as well as being intercepted and misplaced by Derrick Richardson due to me being somehow someway put under the influence of some sort of sleep walking medication as well as constant ongoing refusal of proper mental health treatment to the point of it causing more damage to my mind de-compensation.

(Compl. ¶ 6.) While Plaintiff contends Nieves was primarily responsible for the alleged assault, he further alleges that the actions of a psychiatric social worker at NJSP, Defendant Regina Morrow ("Morrow"), constituted a "constant refusal of proper mental health treatment which is an adjointed [sic] action with the North Compound psychiatric department." (Compl. ¶ 4c.)[1]

Plaintiff asks for monetary relief, and seeks an early prison release "due to a matter of cruel and unusual punishment." (Compl. ¶ 7.)

---

[1] Grochow's Complaint inconsistently names defendants. For example, the caption of his Complaint names only "Gary M. Lanigan, et al."; however, in the "Parties" section, he names only Nieves and Morrow. (See Compl. ¶ 4.) Upon receipt of this Complaint, the Clerk of the Court docketed the matter listing Lanigan, Nieves, and Morrow as defendants, but also listed five additional defendants named in the section of Plaintiff's Complaint entitled "Parties to previous lawsuit." (See Compl. ¶ 2a.) Nonetheless, as the claims as pled warrant dismissal, the Court proceeds despite this inconsistency.

## II. ANALYSIS

### A. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77, requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent prisoner.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly* for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. 544, 555 (2007)). Only then may the court "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal, supra*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-79; *see also Twombly*, 505 U.S. at 555, n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### C. Plaintiff's Excessive Force Claim

Plaintiff's claim against defendant Nieves, construed as an excessive force claim under the Eighth Amendment, is untimely.

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). Civil rights or constitutional tort claims, such as excessive force, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *See Wallace, supra; Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann., § 2A:14–2, governs Plaintiff's claim. *See Montgomery v. DeSimone*, 159 F.3d 120, 126, n.4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under § 2A:14–2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. *See Cito*, 892 F.2d at 25; *accord Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987).

The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, the Supreme Court observed in *Jones v. Bock* that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." 549 U.S. 199, 215 (2007); *see also Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002).

In this case, Plaintiff plainly alleges that his injuries occurred on January 1, 2009, the date of the alleged excessive force. He would have two years from that date, or until January 1, 2011, to timely file his claim. Plaintiff's complaint was filed on January 13, 2012, the date he signed it, which was well beyond the statute of limitations.[2]

---

[2] This Court notes that New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J. Stat. Ann. § 2A:14–21 (detailing tolling because of minority or insanity). New Jersey also allows equitable tolling, where "the complainant has been induced or tricked by his adversary's

D.    **Plaintiff's Remaining Claims**

Although unclear, this Court construes the remainder of Plaintiff's Statement of Claims, (Compl. ¶ 6), as a retaliation claim. Plaintiff asserts that he was moved to the "north compound psych department and administration due to [a 2008] lawsuit." (Compl. ¶ 6.)

"Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional." *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012) (citations omitted). A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) a causal link between the protected conduct and the adverse action taken. *Id.*; *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).

Whether the allegedly adverse action was "'sufficient to deter a person of ordinary firmness from exercising his constitutional rights' is an objective inquiry and ultimately a question of fact." *id.* (quoting *Rauser*, 241 F.3d at 333). To establish a causal link, the prisoner must show that the "constitutionally protected conduct was a 'substantial or motivating factor'" in the decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001) (quoting *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In this case, Plaintiff does not link his lawsuit to his change in housing, nor does he plead facts to assert that the change in housing is an "adverse action." He simply pleads that he was involved in a lawsuit in 2008, and that his housing was changed. Although Plaintiff makes the bald allegation that his move was "due to the lawsuit," he pleads nothing specific to support his claim

---

misconduct into allowing the filing deadline to pass," and where "a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Freeman v. New Jersey*, 347 N.J. Super. 11, 31, 788 A.2d 867, 879-80 (N.J. App. Div. 2002) (citations omitted). As pled, the Complaint does not allege any basis for statutory or equitable tolling. Plaintiff may move to reopen this matter, attaching to any such motion to reopen an amended complaint detailing any basis for tolling.

and show the plausibility of the statement, as required by *Iqbal*.[3]

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff's right to file a motion to amend his Complaint to address the deficiencies, as set forth in this opinion. Any such motion shall be filed within 45 days. An order consistent with this opinion will be filed.

Dated: 3/13/13

**MICHAEL A. SHIPP**
**United States District Judge**

---

[3] Likewise, Plaintiff's plain assertion of "constant refusal of proper mental health treatment," Compl., ¶ 4c, is insufficient to survive *sua sponte* screening. Plaintiff may address this deficiency with the specificity required by *Iqbal*, if he so chooses in the filing of a motion to reopen and Amended Complaint, in accordance with the attached Order.

7